# AFFIDAVIT OF SERVICE

| | |
|---|---|
| **Plaintiff:** | Slocumb Law firm |
| **Case No.:** | 26-023159 |

- [x] **Tanya Price**
- [ ] **Melinda Chaffin**
- [ ] **Jeanette Richmond**
- [ ] **Alex Pilkington**

**Accepted service of the** Summons + Complaint **in reference the above-named plaintiff and case number delivered by the below named process server on** August 12, 2026**.**

**Process Server:**

JASON BRIDGES
**Name (Print)**

[signature]
**Signature**

8/12/26
**Date**

DISTRICT COURT OF MARYLAND FOR MONTGOMERY COUNTY
191 East Jefferson Street
Rockville, Maryland 20850

**Case Number: D-06-CV-26-023159**

**SLOCUMB LAW FIRM, LLC VS. WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**

## WRIT OF SUMMONS

Serve on:
Washington Metropolitan Area Transit Authority
Patricia Lee, Esquire
Office of General Counsel
600 5th Street, NW
Washington, DC 20001

| | |
|---|---|
| Date Filed: | 07/31/2026 |
| Issue Date: | 08/04/2026 |
| Trial Date: | 12/07/2026 |
| Trial Time: | 9:00 AM |
| Trial Room: | SMLL |

You are summoned to appear for trial at the date, time, and location shown above. **If you intend to be present at the trial, you must file the attached Notice of Intention to Defend within ☐ 15 days ☒ 60 days of receiving this complaint**. Failure to file the Notice of Intention to Defend may result in a judgment against you.

**MUST BE SERVED BY:** 10/03/2026 (Date) Carolyn Creel (Administrative Clerk)

## NOTICE OF INTENTION TO DEFEND

Case Number: D-06-CV-26-023159 Trial Date: 12/07/2026
Defendant: Washington Metropolitan Area Transit Authority, Patricia Lee, Esquire

NOTICE: **If you contest all or part of the claim**, complete this Notice of Intention to Defend and file it with the court listed at the top of this summons no later than ☐ 15 days ☒ 60 days after you receive this summons. You may request a remote hearing. For more information about remote hearings, visit mdcourts.gov/district/remotehearings or contact the court (mdcourts.gov/district/directories/courtmap). If you do not attend the hearing, a judgment could be entered against you.
**ATTENTION CORPORATIONS & LLCs:** this notice must be filed by an attorney, and you must be represented at trial by an attorney. EXCEPTION: where the amount claimed doesn't exceed $5,000.00, corporations may be represented by an officer; LLCs may be represented by a member. Both may be represented by a properly designated employee. See Maryland Annotated Code, Business Occupations and Professions, § 10-206(b)(4) for details.
**To request a foreign language interpreter or a reasonable accommodation under the ADA, please contact the court immediately. Possession and use of cell phones and other electronic devices may be limited or prohibited in designated areas of the court facility.**

**SEE NOTICE TO DEFENDANT ON COMPLAINT FORM FOR IMPORTANT INFORMATION**

I intend to be present at the trial of this claim and demand proof of the plaintiff's claim.
**Brief explanation of defense**: ____________________

Date ________ Signature ________ Print Name ________

Address ________ City, State, Zip ________ Home/Work Telephone Number ________

E-mail ________ Mobile/Cell Phone Number ________

**DISTRICT COURT OF MARYLAND FOR MONTGOMERY COUNTY**
191 East Jefferson Street
Rockville, Maryland 20850

Main: 301-563-8800

**Case Number: D-06-CV-26-023159**

**SLOCUMB LAW FIRM, LLC VS. WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**

Serve on:
Washington Metropolitan Area Transit Authority
Patricia Lee, Esquire
Office of General Counsel
600 5th Street, NW
Washington, DC 20001

| | |
|---|---|
| Date Filed: | 07/31/2026 |
| Issue Date: | 08/04/2026 |
| Trial Date: | 12/07/2026 |
| Trial Time: | 9:00 AM |
| Trial Room: | SMLL |

**MUST BE SERVED BY:** 10/03/2026
Date

Carolyn Creel
Administrative Clerk

**FOR PROCESS SERVER USE ONLY**

To ☐ Sheriff/Constable ☒ Private Process Server

You are commanded to serve this Writ of Summons and to make your return promptly if served. If you are unable to serve, you are to make your return below and return the original process to the court no later than ten (10) days following the termination of the validity of the process.

I certify that:

☐ I served a summons by delivery of the complaint and all supporting papers to: ____________________
Name

on __________ __________ ☐ A.M. ☐ P.M. at ____________________
Date Time Location

The person I left the papers with acknowledged being: (1) A resident of the above listed address; (2) 18 years of age or older; (3) of suitable discretion in that relationship to the defendant is ____________________; and that (4) the above listed address is the defendant's residence or usual place of abode. The facts upon which I concluded that the individual served is of suitable age and discretion are: ____________________

____________________

The cost of service is $ ____________________

Description of the defendant/person served: Race ________ Sex ________ Ht. ________ Wt. ________ Age ________

☐ I was unable to serve because ____________________

ATTEMPT: __________ ATTEMPT: __________ ATTEMPT: __________ ATTEMPT: __________

REFUND TO:

I solemnly affirm under the penalties of perjury that the contents of this document are true to the best of my knowledge, information, and belief and do further affirm I am a competent person over 18 years of age and not party to the case.

Print Name of Process Server

Address

City, State, Zip

Telephone Number

"Insert Barcode Here"

Signature of Process Server

Date

**DISTRICT COURT OF MARYLAND FOR** Montgomery County

LOCATED AT (COURT ADDRESS)
191 East Jefferson Street, Rockville, MD 20850-2630

CASE NO.
**CV** D-06-CV-26-023159

# COMPLAINT/APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT

☒ **$5,000 or under** ☐ **over $5,000**

Clerk: Please docket this case in an action of ☐ **contract** ☒ **tort** ☐ **replevin** ☐ **detinue** ☐ **bad faith insurance claim** ☐ **consumer debt (original creditor)** ☐ **medical debt – plaintiff must list defendant's primary address.**

The particulars of this case are:

See attached Complaint.

(See Continuation Sheet)

**PARTIES**

Plaintiff - Name Address, Telephone Number
Slocumb Law Firm, LLC
401 E. Pratt Street, Suite 444
Baltimore, Maryland 21202

**VS.**

Defendant(s) - Name, Address, Telephone Number

1. Washington Metropolitan Area Transit Authority
300 7th Street, SW
Washington, D.C. 20024
Serve by: ☐ Certified Mail ☒ Private Process ☐ Constable ☐ Sheriff

2. Serve On:
Patricia Lee, Esquire
Office of General Counsel
600 5th Street, NW
Washington, D.C. 20001
Serve by: ☐ Certified Mail ☐ Private Process ☐ Constable ☐ Sheriff

3. Serve by: ☐ Certified Mail ☐ Private Process ☐ Constable ☐ Sheriff

4. Serve by: ☐ Certified Mail ☐ Private Process ☐ Constable ☐ Sheriff

**ATTORNEYS**

For Plaintiff – Name, Address, Telephone Number & Code
Kelly R. Arnold, Esquire, # 2211280019
401 E Pratt Street | Suite 444, Baltimore, MD 21202
Tel: (443) 933-9040 Fax: (443) 933-9047 E: karnold@slocumblaw.com

☐ I am interested in trying to resolve this dispute through mediation/ADR. (You will be contacted about ADR services after the defendant is served.)

The plaintiff claims:
Principal: $ 5,000.00
Pre-judgment interest at the ☒ legal rate ☐ contractual rate, calculated at ____ %, from ____ to ____ ( ____ days x $ ____ per day)
Total Principal + pre-judgment interest: $ ____
Post-judgment interest at the ☒ legal rate ☐ contractual rate until ____ , legal rate thereafter ☐ waived
and attorney's fees of $ to be determined plus court costs.
☐ Return of the property valued at $ ____ and damages of $ ____ for its detention in an action of replevin.
☐ Return of the property, or its value, $ ____ and damages of $ ____ for its detention in action of detinue.
☐ Other: ____
and demands judgment for relief.

/s/ Kelly R. Arnold, Esquire — 2211280019
Signature of Plaintiff/Attorney/Attorney Code — Attorney Number

Printed Name: Kelly R. Arnold, Esquire
Address: 401 E. Pratt Street, Suite 444
Baltimore, Maryland 21202
Telephone: 443-933-9040 x. 1038 Fax: 443-933-9047
E-mail: karnold@slocumblaw.com

## MILITARY SERVICE AFFIDAVIT

☐ Verified through DOD at: http://scra.dmdc.osd.mil/

☐ Defendant(s) ____ (Name) is/are in the military service.

☒ No defendant is in the military service. The facts supporting this statement are: Defendant is a tri-state agency and is unable to serve in the military.

Specific facts must be given for the court to conclude that each defendant who is a natural person is not in the military.

☐ I am unable to determine whether or not any defendant is in military service.

I hereby declare or affirm under the penalties of perjury that the facts and matters set forth in this Affidavit are true and correct to the best of my knowledge, information, and belief.

07/31/2026 — /s/ Kelly R. Arnold, Esquire
Date — Signature of Affiant

## APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT (See Plaintiff Notice on Back Page)

The attached documents contain sufficient detail as to liability and damage to notify the defendant clearly of the claim against the defendant, including the amount of any interest claimed.

☐ Properly authenticated copy of any note, security agreement upon which claim is based ☐ Itemized statement of account ☐ Interest worksheet ☐ Vouchers ☐ Check ☐ Other written document ☐ ____ ☐ Verified itemized repair bill or estimate

I HEREBY CERTIFY: That I am the ☐ plaintiff ☐ ____ of the plaintiff herein and am competent to testify to the matters stated in this complaint, which are made on my personal knowledge; that there is justly due and owing by the defendant to the plaintiff the sum set forth in the complaint.

I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of this document are true.

Date — Signature of Affiant



Reset

CMPET

## NOTICE TO DEFENDANT
**Before Trial**

**This complaint contains the details of the plaintiff's claim against you** and the relief that the plaintiff (the person or company suing you) seeks. The plaintiff has the burden to provide evidence to prove their case at trial. If the plaintiff has completed the affidavit portion of the complaint form, the evidence should be attached to the complaint.

**You may hire your own attorney.** If you're not able to hire an attorney, you can get legal help from an attorney through a **Maryland Court Help Center.** Court locations are open Monday to Friday from 8:30 a.m. to 4:30 p.m. Help is available by phone at 410-260-1392 or by live chat Monday through Friday from 8:30 a.m. to 8:00 p.m. For Help Center locations, visit: mdcourts.gov/helpcenter.

Court staff, including clerks are not permitted to give you legal advice. If you have any questions, you should consult the Maryland Court Help Center or your own attorney.

**If you wish to contest (fight) the claim,** you must file the Notice of Intention to Defend (located at the bottom of your summons). The case will be set for trial. If you wish to have your witnesses appear at trial, you should contact the clerk's office at least two (2) weeks before the trial date to request subpoenas, and you should bring to court on the trial date all evidence you want the court to consider. **If you don't bring your evidence to the hearing, the judge can't consider it.**

**If you do nothing, a judgment could be entered against you that may result in a lien on your property, garnishment of your wages, and freezing your bank account.**

**You may request a remote hearing.** For more information about remote hearings, visit mdcourts.gov/district/remotehearings or contact the court (mdcourts.gov/district/directories/courtmap). If you do not attend the hearing, a judgment could be entered against you.

**If Judgment is Entered Against You (If You Lose)**

**IF YOU DISAGREE WITH THE COURT'S RULING,** you may:

1. Ask the court for a new trial by filing a Motion for a New Trial within **ten (10) days** after the entry of judgment, stating your reasons clearly. If the court denies your motion, you may still file an appeal; if the court grants your motion, you must appear in the District Court for a new trial.
2. Ask the court to change the judgment by filing a Motion to Alter or Amend the Judgment within **ten (10) days** after the entry of judgment.
3. Ask the court to change or undo the judgment by filing a Motion to Revise or Vacate the Judgment within **30 days** after the entry of judgment.
4. **APPEAL** to the circuit court, by filing a Notice of Appeal in the District Court within **30 days** after the entry of judgment. You will have to pay a filing fee (see Guide to Appeal Fees - DCA-109A), unless the court determines that you are indigent. If the amount of the claim, not including court costs, interest, and attorney's fees, was $5,000 or less, you will have a new trial in the circuit court. If the amount of the claim was more than $5,000, you will also have to order and pay for a transcript of the District Court trial record by contacting the District Court clerk's office (see Transcripts & Recordings Brochure - DCA-027BR).

**IF YOU DECIDE NOT TO APPEAL AND NOT TO FILE ONE OF THE ABOVE MOTIONS,** you may contact the plaintiff or plaintiff's attorney to arrange to pay the amount owed. If you do not pay the amount owed, the plaintiff or plaintiff's attorney may initiate further proceedings to enforce the judgment, including:

1. **Judgment Debtor Information Sheet:** You may receive form CC-DC-CV-114 from the plaintiff requesting information about your income and debts. If you complete the form accurately and return it to the creditor as indicated, you will not have to answer interrogatories or appear for an oral examination for at least a year from the date of judgment. **NOTE:** A Judgment Debtor Information Sheet may not be used to enforce a money judgment resulting from a small claims action (amount sued for was $5,000 or less, exclusive of interest, costs, and attorney's fees).
2. **Interrogatories:** These are written questions. You must answer these written questions about your income and assets in writing under penalties of perjury. **NOTE:** Interrogatories may not be used to enforce a money judgment resulting from a small claims action (amount sued for was $5,000 or less, exclusive of interest, costs, and attorney's fees).
3. **Oral Examination:** You must appear in court to testify in response to questions about your assets and income. **NOTE:** An oral examination may not be used to enforce a money judgment resulting from a small claims action (amount sued for was $5,000 or less, exclusive of interest, costs, and attorney's fees).
4. **Writ of Execution:** This document requires the sale or seizure of any of your possessions. Some of your property or possessions may be protected from the writ. These exemptions are explained in detail on the reverse side of the Writ of Execution form DC-CV-040. The court could order you to pay additional expenses such as towing, moving, storage fees, advertising costs, and auctioneer's fees incurred in executing the writ.
5. **Garnishment of Property:** The court may issue a writ freezing your bank account or holding your assets until further court proceedings.
6. **Garnishment of Wages:** The court may issue a writ ordering your employer to withhold a portion of your wages to pay your debt. The law provides certain exemptions from garnishment.

**If you have any questions, you should consult an attorney. Court staff are not permitted to give you legal advice. More information can be found in court brochures located in the clerk's office or online at: mdcourts.gov/district/public_brochures or mdcourts.gov/legalhelp/moneyissues**

## NOTICE TO PLAINTIFF

**REQUESTING A JUDGMENT BY AFFIDAVIT OR DEFAULT:**
Federal Law requires the filing of a military service affidavit. Information about the Servicemembers Civil Relief Act and the required affidavit can be found on the court's website at: mdcourts.gov/reference/scra.

**AFTER THE COURT ENTERS A JUDGMENT:**

1. If the court enters a judgment for a sum certain, you have the right to file for a lien on real property.
2. If you disagree with the outcome of the case, you have the same post-trial rights as the defendant does: you may file an Appeal, a Motion for New Trial, a Motion to Alter or Amend the Judgment or a Motion to Revise or Vacate the Judgment. See above for further information concerning these rights.

E-FILED; Montgomery County District Court - Rockville
Docket: 7/31/2026 5:57 PM; Submission: 7/31/2026 5:57 PM
Envelope: 27615377

**IN THE DISTRICT COURT FOR OF MARYLAND FOR MONTGOMERY COUNTY**

| | |
|---|---|
| **Slocumb Law Firm, LLC**<br>401 E. Pratt Street, Suite 444<br>Baltimore, Maryland 21202<br><br>**Plaintiff**<br>*v.*<br><br>**Washington Metropolitan Area Transit Authority**<br>300 7th Street, SW<br>Washington, D.C. 20024<br><br>***Serve on:***<br>Patricia Lee, Esq.<br>Office of General Counsel<br>600 Fifth St NW<br>Washington, D.C. 20001<br><br>**Defendant** | **Case No.** D-06-CV-26-023159 |

**COMPLAINT**

COMES NOW, Plaintiff, Slocumb Law Firm, LLC, by and through its attorneys, Kelly R. Arnold, Esquire and Slocumb Law Firm, LLC, and files this Complaint against the Defendant, Washington Metropolitan Area Transit Authority, and in support thereof states as follows:

**PARTIES**

1. Plaintiff, Slocumb Law Firm, LLC is a limited liability company with its principal office in Baltimore City, Maryland and is engaged in the business of providing legal services.

2. Defendant, Washington Metropolitan Area Transit Authority (hereinafter "Defendant") is a tri-state governmental agency that operates between Maryland, Virgina, and Washington, D.C. and provides transportation services to the general public.

## JURISDICTION & VENUE

3. This Court has personal jurisdiction over the Defendant pursuant to Maryland Code, *Courts & Judicial Proceedings*, § 6-102 and § 6-103, because the cause of action arose in Maryland.

4. This Court has subject matter jurisdiction over the Defendant pursuant to Maryland Code, *Courts & Judicial Proceedings*, § 4-401(1), because the amount in controversy does not exceed thirty-thousand dollars ($30,000.00), operating concurrently with Maryland Code, *Transportation Article*, § 10-204.

## FACTUAL ALLEGATIONS

The Plaintiff incorporates herein the allegations set forth in the foregoing paragraphs.

5. On or about September 23, 2023, Bryant Smith (hereinafter "Client"), was involved in an automobile collision while a passenger on a bus owned and operated by Defendant.

6. As a result of that collision, Client sustained bodily injuries and sought the legal services of Plaintiff.

7. On October 2, 2023, the Client entered into a valid legal services agreement with the Plaintiff, Slocumb Law Firm, wherein Slocumb Law Firm was retained to represent Client in his claim for bodily injury and other damages, in connection with the aforementioned motor vehicle crash that occurred on September 23, 2023.

8. Pursuant to this agreement, Client retained Slocumb Law Firm on a contingency fee basis, agreeing to pay Plaintiff a sum equal to forty percent (40%) of the gross recovery obtained, plus reimbursement of all advanced case-related costs and expenses.

9. The Agreement expressly provided that all settlement proceeds, judgments, and other recoveries were to be paid directly to the Plaintiff's trust account, from which Plaintiff's fees and costs and Client's medical bills and/or liens would be paid, prior to the net sum being disbursed to the Client.

10. Pursuant to the Agreement and applicable Maryland law, Slocumb Law Firm was entitled to the settlement proceeds for appropriate distribution to medical providers, lien holders, and their firm for attorney's fees and advanced case expenses.

11. The Agreement constituted a valid and enforceable contract supported by adequate consideration.

12. On or about October 2, 2023, Plaintiff notified Defendant WMATA that Plaintiff had been retained by Client to represent Client in his claim for personal injuries.

13. Due to an erroneous claim number associated with the claim, on or about November 22, 2023, Plaintiff again provided written notice to Defendant of their representation of the Client.

14. At all relevant times herein, Defendant had actual and constructive knowledge of Plaintiff's interest in Client's bodily injury claim.

15. On October 15, 2024, Client terminated his representation by Plaintiff.

16. On October 16, 2024, Plaintiff notified Defendant WMATA that Client had disengaged Plaintiff's services and that Plaintiff was asserting a lien against Client's settlement or other recovery for work performed by, and costs incurred by, Plaintiff in pursuing Client's personal injury claim.

17. At all relevant times herein, Defendant had actual and constructive knowledge of Plaintiff's interest in Client's bodily injury claim.

18. On October 16, 2024, Plaintiff informed Defendant WMATA that Defendant Smith had terminated the services of Plaintiff and asserted an attorney's lien for attorney's fees in the amount of $10,000.00 and expenses of $469.07.

19. Defendant WMATA was at all times aware that the settlement funds were subject to Plaintiff's attorney lien and that such funds should be remitted directly to the Plaintiff.

20. On or about November 6, 2024, Defendant WMATA and the Client entered into a valid settlement agreement for $13,000.00.

21. On November 11, 2024, Client requested that Plaintiff agree to reduce its lien to $5,000.00 and Plaintiff agreed.

22. On November 14, 2024, Plaintiff contacted Defendant WMATA, advised Defendant WMATA that Plaintiff had agreed to accept the sum of $5,000.00 in payment of Plaintiff's asserted interest in Client's personal injury claims, and instructed Defendant WMATA to forward payment to Plaintiff's Washington, D.C. office.

23. Despite this, Plaintiff has yet to receive any payment from Defendant WMATA or Client and has no information as to where or when Plaintiff may receive payment in satisfaction of its asserted lien interest.

24. Defendant WMATA had no legitimate basis for disregarding Plaintiff's asserted lien interest and disbursing the settlement funds directly to Client.

25. Despite Plaintiff's demand for payment, Defendant WMATA has refused to compensate Plaintiffs for the fees and costs lost as a direct result of Defendant's wrongful conduct.

## COUNT I
### Tortious Interference with Contract

The Plaintiff incorporates herein the allegations set forth in the foregoing paragraphs.

26. Per established Maryland law, a valid legal services agreement between a law firm and a client is an enforceable contract.

27. Despite this knowledge, Defendant intentionally and without justification interfered with the Agreement by releasing settlement funds directly to the Client, in knowing disregard of Plaintiff's contractual rights.

28. Defendant's conduct caused the Client to breach the Agreement by failing to remit Plaintiff's fees and costs from the settlement funds.

29. As a direct and proximate result of Defendant's tortious interference, Plaintiff sustained damages of $5,000.00.

**WHEREFORE**, Plaintiff respectfully demands judgment against Defendants Washington Metropolitan Area Transit Authority and Bryant Smith in the amount of $5,000.00 plus attorney's fees and costs incurred in filing of this action, plus interest at the legal rate.

Respectfully submitted,

/s/ *Kelly R. Arnold*

Kelly R. Arnold, Esquire
CPF#: 2211280019
SLOCUMB LAW FIRM, LLC
401 E. Pratt Street, Suite 444
Baltimore, Maryland 21202
Tel: (443) 220-0049
Fax: (443) 589-7665
karnold@slocumblaw.com
*Attorney for Plaintiff*